Wash, J.,
delivered tthe opinion of the Court.
This was an action oLassumpsit commenced by Shaw, the 'defendant nr error, against vthe plaintiffs in error, in the St. Louis Circuit Court, to recoven of them (being the «owners of the steamboat St. Louis) the'-value of three.crates of .earthenware shipped on board the St. Louis in good condition, &c.,'to be’transported from New Orleans to the city of St. Louis, and there delivered in like good order and condition to the defendant in error, the dangers of'the seas only excepted, &c. The material .facts, as preserved in the bill of exceptions, are, "that the three crates of earthenware complained of were lost from on 'board the steamboat St. Louis, in the Mississippi river, on her'passage from New Orleans to St. Louis.: that at the time the crates were lost, they were not stowed in the hold of said steamboat, but were placed upon the lower guard undercover of the upper guard, and fromjfhat position were struck off into the river by another boat running against the St. Louis in the night: that goods stowed on the guard were more-exposed to accidents than when Stowed in the .hold of the boat: that the loss was sustained by the running of ‘the steamboat Courtland upon the steamboat St. Louis, in a dark, smoky night: 'that at .the time of the injury the steamboat St. Louis was steered "by a pilot as.good as-an-y .upon the river.; that she was under way hugging the bar, which lay on the right hand, and running by soundings in about two fathom water, and as near the bar as was’thought safe:; that from this position a light was seen across the head of the bar, which at first was not 'believed by the pilot of the St. Louis to be the light of another boat:; that the Court-land turned the head of the bar, when her lights disappeared, and were not seen again from the St. Louis until the'boats had approached so near each other as to render it impossible to avaid a contact:; that the Courtland, as if afraid of running ■ aground, turned out obliquely from the bar and struck the st. Louis .with her bow- . sprit and cut-water, so-as to carry away the after part of the wheelhouse and after .guard, with the three crates and sundry stores belonging to the boat, which were stowed together on the guard, &c., &c.;; 'that by the uniform course of navigation on 'the Mississippi, steamboats ascending hug 'the-shore, and those descending keep the stream.; that in transporting-goods in steamboats on the -western waters, it is the universal practice to stow above hatches upon the decks and guards, such •.goods as are not subject to be easily damaged by the weather, particularly crates and casks of earthenware, &c., &c. Upon this state of facts the plaintiff moved the Court to instruct the jury, that the loss of the crates did not occur by one of the •dangers of the seas within'the exception in the bill of lading; which instruction was The defendants .then moved the Court to instruct the that if find *190 from the evidence that the master and navigators of the defendants’ boat used reasonable care and diligence with the three crates, and that the same were lost without the negligence or fault of the defendants or their servants, the defendants are not liable in this action.
Second. That the fact that the three crates were stowed upon the guards of the boat, does not make the defendants liable in this action, if they would not have been liable in. case the crates had been stowed in the hold of the boat, &c.; which instructions prayed for by the defendants were refused; to the giving and refusing of which said several instructions the defendants excepted. Thereupon the plaintiff in the Circuit Court had verdict and judgment, to reverse which the present writ of error is prosecuted; and the defendants below, who are plaintiffs here, assign for error the giving the instruction asked by the plaintiff, and the refusal of the Court to give the instructions asked by the defendants. Mr. Allen, for the plaintiffs in error, insists that the bill of lading is a contract, of bailment, in the execution of which ordinary care and diligence only on the part of the bailee can be required. The authorities cited do not bear him out. A carrier, it is true, may be regarded as a bailee for hire; but he will be held in the light of an insurer, responsible for all losses but those that are deemed inevitable, or arising from the act of God, and of the King’s enemies — see 1 T. R. 27, and 5 T. R. 389 — unless he be protected by the terms of his contract. The only exception in this case is, loss arising from the danger of the seas. And the Circuit Court decided very correctly, that the loss of the crates in tins case, did not come within the exception. The objection that it was a question for the determination of the jury, and not for the decision of the Court, is not well raised. The contrary thereof is the law. Regarding it as a bailment for hire, what should be deemed reasonable care and diligence would depend upon the circumstances to be ascertained by a jury; but when ascertained, to be determined by the Court. The instructions asked for by the defendants were therefore wrong, and^ correctly refused by the Circuit Court; the first presenting a question of law in the abstract, proper for the Court, and the second a state of facts, from which it was the duty of the Court to decide the law in the way it was decided.
The judgment of the Circuit Court is therefore affirmed with costs.